IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS MARTIN, ANTHONY MARTIN, AND JAIMARI MARTIN <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF OAK FOREST, AND OFFICER CORONA, OFFICER SANCHEZ, AND UNKNOWN OFFICERS In their individual capacities, <br><br> Defendants. | ) ) ) ) ) Case No. ) ) ) District Judge ) ) ) Magistrate Judge ) ) ) ) Jury Demanded ) |

## COMPLAINT AT LAW

NOW COMES Plaintiffs ANTHONY MARTIN, MARCUS MARTIN, AND JAIMARI MARTIN, by and through their attorney SHAY T. ALLEN of S.T. ALLEN LAW, P.C. and for his complaint against the CITY OF OAK FOREST, a municipal corporation, OFFICER CORONA, OFFICER SANCHEZ and UNKNOWN OFFICERS (collectively "Defendants"), states the following:

## INTRODUCTION

1. This an action for damages, brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, the Fourth Amendment to the United States Constitution, and under the law of the state of Illinois, against the City of Oak Forest and Officer Corona, Officer Sanchez and Unknown Officers in their individual capacities.

2. On October 2, 2022, Plaintiffs were unlawfully and without justification seized by the Defendant Officers through excessive force because they were driving a nice car.

3. Defendant Officers then engaged in a cover up by arresting the Plaintiffs and charging them with resisting or obstructing a police officer; these charges have since been dismissed in the criminal court.

4. Plaintiffs allege that these constitutional violations were committed because of the policies and customs of the City of Oak Forest, Illinois.

5. As a result of the misconduct by the Defendants, Plaintiffs suffered personal, physical, and emotional injuries.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States; 42 U.S.C. § 1983.

7. Venue in the United States District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the Defendants are subject to personal jurisdiction in this judicial district and all of the events that give rise to the case occurred in this judicial district.

## PARTIES

8. At the time of all relevant events, Plaintiffs MARCUS MARTIN, ANTHONY MARTIN, AND JAIMARI MARTIN are all United States Citizens and residents of the State of Illinois, County of Cook.

9. Defendant THE CITY OF OAK FOREST is a Municipal Corporation organization pursuant to the laws of the State of Illinois.

10. Officers Corona, Sanchez, and unknown officers are employees of the Oak Forest Police Department (hereinafter referred to as "Defendant Officers").

11. When Defendant Officers arrested Plaintiffs, they were at all times working as employees and agents, under the color of law and within the scope of their employment as officers of the Oak Forest Police Department for the CITY OF OAK FOREST.

## FACTS COMMON TO ALL COUNTS

12. On October 2, 2022, Plaintiffs were driving west down 159th Street. The Plaintiffs were as follows: Anthony Martin, Marcus Martin, and Jaimari Martin. The Plaintiffs are all relatives. Plaintiffs were on their way to Anthony's daughter's birthday party.

13. As they were driving down the road, they passed a vehicle that was stopped on the side of the road.

14. Defendant Officer Sanchez was driving beside Plaintiffs at this point, and soon after initiated their lights to pull Plaintiffs over.

15. Plaintiffs pulled into the first parking lot they saw and rolled down all their windows.

16. Defendant Officer Sanchez walks over to the passenger side of the vehicle and informs the Plaintiffs that they were being pulled over because they did not have a front plate.

17. Defendant Officer Corona soon after arrives on the scene to assist with the traffic stop and walks over to the driver's side of the vehicle. He talks with Anthony commenting on how nice the car is and tells him that these types of vehicles are often stolen.

18. Defendant Officers told Plaintiffs that they would be on their way soon and asked Anthony and Marcus to give them proof of identification.

19. Anthony and Marcus both complied with Defendant Officers and gave their licenses/Id.

20. Anthony explains to Defendant Officers that the reason that he did not have a front plate on the vehicle is because he just got the vehicle back and did not have the time to get the front plate put on.

21. While Anthony is explaining Defendant Officer Sanchez attempts to get the name and date of birth of Anthony's minor son, Jaimari, who was sitting in the back of the vehicle.

22. Anthony told Defendant Officer Sanchez his sons name, age, and that Jaimari could not give him any form of identification because he was a minor who had just moved to Chicago to live with Anthony and so he did not receive any school Id yet.

23. Anthony told Defendant Officer Sanchez that any questions or information pertaining to his son could be asked to him and he would answer.

24. Defendant officer Sanchez told Plaintiffs that he was allowed to speak to Jaimari regardless of whether Anthony gave him permission.

25. Defendant Officer Sanchez continued to try and question Anthony's minor son about giving him an Id.

26. Plaintiffs continued to tell Defendant Officers that Jaimari did not have any Id to give to them and that they were not allowed to speak to Jaimari.

27. Plaintiffs then heard Officer Corona ask, "What do you want them for?" Defendant Officers then pulled them out of the vehicle, slammed them against the car and placed each of the Plaintiffs in tight handcuffs which left them in pain.

28. Plaintiffs were all placed in separate squad cars. Anthony and Marcus had no information about what was happening to Jaimari at the time. They were in fear of what might happen to him because he was a minor and was alone.

29. While Jaimari was being searched by Defendant Officers, away from his father, he was grabbed hard in the groin area which left him in pain for days which has become a reoccurring pain.

30. Defendant Officers later charged Plaintiffs for resisting or obstructing a police officer under 720 ILCS 5/31-1.

31. Following their arrest Plaintiffs vehicle was towed and impounded by the Oak Forest Police. When Plaintiffs were able to retrieve the vehicle the next day, they found that Defendant Officers had gone through the birthday presents for Anthony's daughter and destroyed them.

32. As a direct and proximate result of the willful, wanton, and malicious actions of the Defendant Officers, the Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;

    b. Loss of physical liberty;

    c. Physical injury and pain; and

    d. Mental and emotional trauma.

33. At all relevant times, all Defendant Officers were acting under color of state law and under color of authority as police officers, employees, and agents or servants of the City of Oak Forest, Illinois.

### COUNT I
### 42 U.S.C. § 1983 — Unlawful Stop/False Arrest and Excessive Force, all in violation of the Fourth Amendment
### (Against Defendant Officers)

34. Each paragraph of this Complaint is incorporated as if restated fully herein.

35. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force, false arrest, or an unlawful stop.

36. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

37. Defendant Officers' actions and use of force as described herein, were objectively unreasonable considering the facts and circumstances confronting them and were taken intentionally and with willful indifference to the constitutional rights of the Plaintiff.

38. Defendant Officers' actions and use of force, as described herein, were intended to cause harm unrelated to any legitimate object of arrest or seizure.

39. Defendant Officers' actions of placing tight handcuffs on the plaintiff's wrist and forcibly placing them in a Oak Forest Police squad car and injuries constituted an unreasonable stop and seizure lacking in probable cause and thereby unreasonably restraining the Plaintiff of his freedoms.

40. As a direct and proximate consequence of said conduct of Defendants Officers, Plaintiff suffered violations of his constitutional rights, personal and physical injuries, fear, emotional distress, and other injuries.

## COUNT II
## 42 U.S.C. §1985 Conspiracy to violate the Plaintiffs Fourth Amendment Right
### (Against Defendant Officers)

41. Each paragraph of this Complaint is incorporated as if restated fully herein.

42. Upon information and belief, some of the Defendant Officers conspired to deprive the Plaintiffs of their constitutionally protected right to be free from unreasonable searches, seizures and excessive force in violation of the Fourth Amendment.

43. In planning and executing the unreasonable apprehension of the Plaintiffs, some of the Defendant Officers acted in furtherance of that conspiracy and violated the Plaintiff's constitutional rights contrary to §1985.

44. For instance, Defendant Officer Corona asked Defendant Officer Sanchez "what do you want them for?" to cover up and justify the Defendant Officers actions.

45. As a direct and proximate consequence of said conduct of the Defendant Officers, the Plaintiffs suffered violations of their constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

## COUNT III
## 42 U.S.C. § 1986 — Monell Claims
### (Against City of Oak Forest)

46. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

47. The incident described herein demonstrate that it was the express or implied policy and/or custom of the City of Oak Forest to pull over African Americans unlawfully based solely on the color of their skin.

48. For instance, and as stated earlier, Defendant Officers immediately commented on how nice the Plaintiffs vehicle was and that those types of vehicles are stolen often

49. City of Oak Forest Police officers knew that they would not face discipline for abusing or disregarding the constitutional rights of citizens.

50. The above-described policies and customs demonstrate a deliberate indifference on the part of the City of Oak Forest, to the constitutional rights of persons within Cook County and were the cause of the violations of the Plaintiff's rights alleged herein.

## COUNT IV
### Indemnification Pursuant to 745 ILCS 10/9-102
### (Against the City of Oak Forest)

51. Each paragraph of this Complaint is incorporated as if restated fully herein.

52. The misconduct of all Defendant Officers were committed in the scope of their employment with the City of Oak Forest.

53. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Oak Forest is liable for any judgments for compensatory damages in this case arising from the actions of all Defendants Officers.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs demand the following relief, jointly and severally, against all the Defendants:

A. Compensatory damages with respect to all counts.

B. Punitive damages with respect to all Defendant Officers in their individual capacities.

C. Attorney's fees pursuant to 42 U.S.C. § 1988. Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

D. Such other and further relief as this Court may deem appropriate under the circumstances.

Respectfully submitted,

*/s/ Shay T. Allen*
Shay T. Allen
S.T. Allen Law, P.C.
314 N. Loomis, Ste. G2
Chicago, Illinois 60607

Phone: 708.960.0113<br>
Atty No. 56088<br>
email: sallen@attorneyshaytallen.com